(No. 3393—

H. L. SAUNDERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1939.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on June 29, 1939, and seeks to recover the sum of Eleven Dollars ($11.00) which he paid to the Secretary of State for a 1939 automobile license, and Fifty Cents (50c) which he paid to the same officer for driver's license. The complaint alleges that claimant was unable to secure a driver's license, and consequently was forced to, and did dispose of his automobile on April 30, 1939, and therefore asks for a refund of the unpaid portion of the fees so paid by him as aforesaid.

The Attorney General has entered a motion to dismiss the case on the ground that the claimant is not entitled to an award under the facts set forth in the complaint.

The question here presented was before this court in the case of *Phillips* vs. *State,* No. 3091, decided at the September term, 1937. In that case the claimant sold his car, and did not operate it at any time after the receipt of the license plates. In considering his right to a return of the unearned portion of the license fee paid by him, we said:

"There is no provision of the Motor Vehicle Act, or any other act, which authorizes a return of a license fee under the facts set forth in the complaint. Had the Legislature intended that licensees should be entitled to a return of the license fees paid by them, in the event of a sale of the licensed car, they would undoubtedly have made provision to that effect."

Also:

"The jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43; *Titone* vs. *State*, No. 2475, decided at the January Term, 1937 of this court.

"Under the facts set forth in the complaint, claimant could not maintain an action against the State if it were suable, and therefore we have no authority to allow an award."

The same rule was applied by this court in the following cases, to wit: *Dealers Transport Co.* vs. *State*, 8 C. C. R. 510; *Freeport Floral Co.* vs. *State*, 9 C. C. R. 149; *Eaid* vs. *State*, No. 3157, decided January term, 1938; *Great Northern Chair Co.* vs. *State*, No. 3234, decided May term, 1938.

What has been said with reference to the vehicle license fee applies with equal force to the driver's license fee.

For the reasons set forth in the cases cited, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.